# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION |
| v. | No. 94-192-1 |
| MIKE PEREZ,<br>       Petitioner. | |

# M E M O R A N D U M

**Stengel, J.**                                                                                    **November 19, 2013**

Petitioner Mike Perez requests that this court reopen his previous habeas petition under Federal Rule of Civil Procedure 60(b). For the reasons stated below, I will deny this request.

## I. BACKGROUND[1]

On May 9, 1996, Mr. Perez was convicted of numerous charges related to a drug trafficking conspiracy. He was sentenced to 360 months, a five year term of supervised release, a fine of $5,000, and a special assessment of $350 on November 20, 1997. He appealed and the Third Circuit affirmed the judgment on October 26, 1998. The United States Supreme Court denied his Writ of Certiorari on October 4, 1999 and subsequent request for rehearing on January 10, 2000.

---

[1] The factual background is primarily taken from the previous decision regarding the denial of Mr. Perez's habeas petition. United States v. Perez, 177 F. Supp.2d 342 (E.D. Pa. July 31, 2001). This information coincides with the information the petitioner presents in his Rule 60(b) motion. See Doc. No. 644. The remaining information is taken from the petitioner's Rule 60(b) motion.

1

In February 2001, Mr. Perez then filed a § 2255 petition on thirteen grounds. On July 31, 2001, the court found that Mr. Perez was not entitled to relief on twelve or the thirteen grounds raised in the § 2255 petition. On January 23, 2002, the Honorable Herbert J. Hutton held an evidentiary hearing on Mr. Perez's remaining claim—that counsel was ineffective for failing to fully advise Mr. Perez of the consequences of sentencing and the Government's plea offer. Mr. Perez claimed that he believed he was only facing a five year sentence for his charges. Had his counsel fully explained the potential sentence he faced, he stated he would have taken the government's plea agreement. The government argued that counsel asked Mr. Perez if he was interested in the agreement, which would require him to testify against his Colombian suppliers, and he declined this offer. The court denied his final claim on August 27, 2002 based on the evidence presented at the evidentiary hearing.

In this petition, Mr. Perez argues that the recent legal developments in Missouri v. Frye, 132 S. Ct. 1399 (2012), Lafler v. Cooper, 132 S. Ct. 1376 (2012), and United States v. Booth, 432 F.3d 542 (3d Cir. 2005)—all regarding a defendant's constitutional rights to effective counsel related to plea agreements—entitle him to have his habeas petition reopened under Rule 60(b).[2]

## II.  STANDARD FOR RULE 60(b) MOTIONS

Federal Rule of Civil Procedure 60(b) permits a district court to grant relief from a final judgment after a showing of extraordinary circumstances including: 1) fraud,

---

[2] Mr. Perez has made several other requests for relief in the interim, which was have been denied.

misrepresentation, or misconduct by an opposing party; 2) newly discovered evidence; or 3) for "any other reason that justifies relief."[3] Fed. R. Civ. P. 60(b)(3), (4) and (6). As such, relief under this rule is possible only in narrow circumstances. See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).

In evaluating a Rule 60(b) motion in the context of habeas review, the district court must determine whether the Antiterrorism and Effective Death Penalty Act's (AEDPA) limits on successive petitions apply. See Gonzalez, 545 U.S. at 529; see also 2 Rules Governing Section 2254 Cases, Rule 11; Rules Governing Section 2255 Cases, Rule 12. If the Rule 60(b) motion is "in substance a habeas corpus application," it shall be treated as a successive habeas petition. Id. at 531; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir.2004). The district court then does not have jurisdiction to entertain the motion unless the petitioner is authorized by the court of appeals to file a successive petition. See Burton v. Stewart, 549 U.S. 147, 153 (2007).

---

[3] Federal Rule of Civil Procedure 60(b) states:
**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
    (6) any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

## III. DISCUSSION[4]

In this filing, Mr. Perez seeks to use Federal Rule of Civil Procedure 60(b) to overturn this court's denial of his motion under 28 U.S.C. § 2255.[5] Because his assertions of error do not fall within the narrow scope of Rule 60(b) in a § 2255 proceeding, I must deny his motion.

Though Mr. Perez offers well-reasoned and well-researched arguments, he asserts no basis for his case to be reopened under the dictates of Gonzalez, Pridgen, and the AEDPA. Since Mr. Perez's prior motion under 28 U.S.C. § 2255 was denied, Rule 60(b) permits challenges only to the manner in which the judgment on that motion was obtained. Gonzalez, 545 U.S. at 532 (explaining that a Rule 60(b) motion is proper when it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings"); Pridgen, 380 F.3d at 727(finding that a Rule 60(b) motion regarding a an error in ruling on the habeas petition's statute of limitations error was appropriate, while other claims more akin to collateral attacks were not).

Mr. Perez's request for relief under Rule 60(b) relates to Ground VIII of his original habeas petition, that is, the alleged ineffective assistance of his trial counsel. To

---

[4] I have considered Mr. Perez's petition (Doc. No. 644), the Government's response (Doc. No. 645), and Mr. Perez's reply to the Government's response (Doc. No. 646) in making this decision.

[5] In Gonzalez v. Crosby, the Supreme Court noted that the provisions governing second and successive petitions under § 2254 and those under § 2255, although similar, are not identical. The court therefore limited its holding to § 2254 cases. 545 U.S. at 529 n.3. Because none of the minor differences between the provisions in § 2254 cases and those in § 2255 cases has any bearing on the issues in the present case, the reasoning of Gonzalez should apply to the instant case. In addition, Pridgen had involved a § 2254 petition by a state prisoner; however, the Third Circuit and its district courts have applied Pridgen in the § 2255 context as well. See, e.g., Tavares v. Meyers, 129 Fed. Appx. 694, 696 (3d Cir. 2005) (not precedential); United States v. Coley, No. CRIM.A. 99–033–2JJF, 2005 WL 1107375, at *2  (D. Del. 2005); United States v. Tam, No. CRIM.98-00550-01, Civ.03-0141, 2005 WL 1030197, at *2-4 (E.D. Pa. 2005).

be specific, he goes on to say that his attorney did not explain "the federal plea bargain process, the federal sentencing guidelines, and his exposure to a sentence of 360 months of imprisonment to a life sentence." (Doc. No. 644 at 4). He concludes that had these things been explained to him, he would have "pursued the government's plea bargain or simply plead guilty." (Doc. No. 644 at 4). A Rule 60(b) motion that attacks the effectiveness of trial counsel or a motion that seeks to collaterally attack the petitioner's underlying conviction should be treated as a successive habeas petition. Gonzalez, 545 U.S. at 529; see also Pridgen, 380 F.3d at 727.

Mr. Perez has not demonstrated that there was fraud or any other defect in the integrity of the habeas corpus proceedings or that any other extraordinary circumstances warrant relief. Instead, his motion attacks the merits of his conviction and, therefore, must be treated as a second or successive motion under § 2255. No reasonable jurist analyzing Mr. Perez's Rule 60(b) motion could conclude that his challenge to his habeas judgment was anything but substantive in nature. As a result, it may not be filed without the express permission of the Court of Appeals, which he has not obtained. As the Supreme Court has cautioned, permitting such claims to be brought under Rule 60(b) would circumvent the requirement that a second or successive petition be certified by the Court of Appeals. Gonzalez, 545 U.S. at 531-32.

IV. CONCLUSION

Accordingly, because this court lacks jurisdiction to consider the motion, I will deny it in its entirety.

An appropriate Order follows.